United States District Court
Southern District of Texas
**ENTERED**
February 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTWUNE JENKINS, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. H-20-4187 |
| LT. ROLAND C. WEAVER, and BETTY WILLIAMS, M.D., | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Plaintiff Antwune Jenkins is an inmate in the Texas Department of Criminal Justice. He filed a civil rights lawsuit alleging that the defendants were deliberately indifferent to his serious medical needs.

Defendant Roland C. Weaver has filed a motion to dismiss, and Jenkins has responded. Based on the pleadings, the motion, Jenkins's response, and the applicable law, Weaver's motion is granted, and the claims against him are dismissed with prejudice. The reasons for this decision are set out below.

### I.  Background

At all times relevant to this case, Jenkins was an inmate in TDCJ. He had difficulty walking and standing, and had a medical restriction limiting him to 50 yards of walking. Complaint (Dkt. Entry No. 1) at 4, 8. Jenkins also states that he had a medical shower pass that allowed him to use a shower that had guardrails and a seat. *Id.* at 4.

On the date the incident giving rise to this case occurred, Jenkins was housed in the D-Block of TDCJ's Estelle Unit. D-Block inmates must be handcuffed before leaving their cells, including when they are taken to the shower. *Id.* On the date in question, Jenkins was taken to a

shower that did not have guardrails or a seat. He took his shower with handcuffs on and, when he asked to be let out of the shower, he was told that he would have to wait while an Officer finished moving other inmates. *Id.* at 5. While waiting, Jenkins began to feel pain in his legs and leaned against the shower door. When the Officer opened the shower door to let Jenkins out, Jenkins fell. More Definite Statement ("MDS") (Dkt. Entry No. 12) at 14; Complaint at 5-6.

Other officers and medical staff soon arrived, including defendant Weaver, a Corrections Lieutenant. Weaver instructed an officer to roll Jenkins onto his stomach so that Jenkins's handcuffs could be removed and Jenkins could be placed on a gurney to be taken to medical. Complaint at 6; MDS at 14, 16-17. The officers told Jenkins to roll over, but Jenkins asked them to wait because he was in pain and had a pre-existing back condition. *Id.* Officers eventually turned Jenkins over, removed his handcuffs, re-cuffed his hands in front of him, placed him on a flat board and then a gurney, and took him to medical. Complaint at 7; MDS at 14-15. Jenkins was later taken to Palestine Regional Hospital where a CT scan showed no broken bones. Complaint at 7. When told that he suffered no broken bones, Jenkins complained that his toes, right foot, and shin were numb. *Id.* Medical staff told him that was probably the result of being on the board for so long. *Id.* at 7-8.

## II. Analysis

Jenkins contends that Weaver's actions violated his rights under the Eighth and Fourteenth Amendments. Weaver asks the Court to dismiss the claims against him for failure to state a claim on which relief can be granted.

2

A. **Standard of Review**

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

B. **The Eighth Amendment Claim**

To rise to the level of a constitutional violation, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The facts alleged by Jenkins show that Weaver showed up after Jenkins fell and ordered the removal of Jenkins's handcuffs so that Jenkins could be placed on a gurney and taken to receive medical attention. Jenkins alleges that he was injured when officers turned him over to remove the cuffs, and as a result of remaining on a board for an extended period of time, but he does not contend that Weaver personally turned Jenkins over or ordered that he remain on the board for a prolonged period. Rather, Jenkins sues Weaver because Weaver was in a supervisory position over the officers who did handle Jenkins. It is well established, however, that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

Jenkins pleads no facts from which the Court can reasonably infer that Weaver was deliberately indifferent to Jenkins's serious medical needs. The pleadings allege that Weaver responded when Jenkins fell and directed officers to take action to get Jenkins medical attention. Even if Weaver could be found to have given orders that led to injury or the infliction of pain, there is no basis for inferring that such orders were anything more than negligent. As noted above, however, deliberate indifference is more than mere negligence, and there is no basis to infer that Weaver, in attempting to get Jenkins needed medical attention, "clearly evince[d] a wanton disregard for [Jenkins's] serious medical needs." *Domino*, 239 F.3d at 756. Jenkins therefore fails to state a claim for relief against Weaver.

## III. Conclusion

For the foregoing reasons, Weaver's motion to dismiss (Dkt. Entry No. 28) is **GRANTED** and all claims against Weaver are **DISMISSED WITH PREJUDICE**. The Court will conduct further proceedings on Jenkins's claims against defendant Betty Williams, M.D.

SIGNED at Houston, Texas on 2/6/24

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE